JOHN VAN NESS, JR., HENRY NICHOLS, HORACE BATES AND JAMES MAY.

A motion for a perpetual stay of execution on the ground the judgment has been paid, will be denied with costs, where the grounds are fully met or explained by the opposing papers.

*Motion by S. J. Penniman for a perpetual stay of the execution issued to the sheriff of the county of Wayne, upon a judgment in this cause recovered October* 21, 1839.—Penniman swears, that he recovered a judgment in this court against Nichols and Bates, two of the defendants in this suit, for $346·05, on the 15th November, 1839. Execution was issued thereon 26th November, 1842, and delivered to the sheriff of Wayne county, who levied on and sold three lots of land in the village of Palmyra, which belonged to defendant Nichols, and they were purchased by said Penniman. The time of redemption has expired and no one has redeemed. About three weeks since Penniman learned that the present sheriff of Wayne county had advertised for sale the said lots above mentioned (purchased by him as aforesaid), by virtue of an execution in this cause, issued on the judgment which was recovered 21st October, 1839. The plaintiff in this cause informed said Penniman that Nichols the defendant had paid him a large sum on the judgment soon after it was recovered, and subsequently the defendant James May paid the balance of the judgment, and to whom plaintiff gave a satisfaction thereof in full. That some time in the latter part of the year 1844, plaintiff sold the judgment in this cause to Geo. W. Cuyler, Esq., for $20. Henry Nichols, one of the defendants, swears that the draft upon which this judgment was obtained, was given by him, as a loan to J. B. Parsons & Co., of whose firm James May, one of the above named defendants, was a member, with the understanding that said J. B. Parsons & Co. should pay the same, before the draft became due. Parsons & Co. failed, and on the 1st November, 1839, soon after the judgment in this cause was recovered, Nichols entered into a written agreement with the plaintiff to pay the amount of the judgment by installments, and if the amount was collected by the plaintiff out of either of the other defendants, Nichols should be credited the amount collected. Nichols states that he paid to plaintiff on the agreement the whole amount except about $100. In opposition to the motion, Van Ness, the plaintiff, swears, that he never said to Penniman that he had executed and delivered to James May a satisfaction in full of the judgment in this cause; that he never executed and delivered to James May or any orher person a satisfaction of said judgment. On or about the 6th June, 1842, he, in consideration of $30

received from said May, executed and delivered to him a release of his individual liability on said judgment under the statute as a joint partner. On the 1st November 1839, he made an arrangement with said Nichols as above stated, that he took property of said Nichols under said agreement for $150, which did not turn out to be worth over $90 ; he was induced to take the property at that rate in consideration that Nichols would pay the balance in cash. He afterwards received from Nichols cheese and pork of the value of about $26·50 which is all he ever received from said Nichols; that he sold the judgment to Geo. W. Cuyler about the 26th November, 1844, with the consent and advice of said Nichols. Since this motion has been noticed, plaintiff states he called on said Nichols who was unable to show any evidence of any payments beyond the amount he (plaintiff) has stated. A copy of the execution issued on this judgment was produced, and by the levy endorsed, the sheriff is directed to collect $353.30 with interest from the 21st October, 1839, deducting $150 paid by the defendant Nichols 1st May, 1840, and $30 paid by defendant James May, 6th June, 1842.

IRA HARRIS, *Penniman's Counsel.* HARRIS & SHEPARD, *Attys for S. J. P.* R. W. PECKHAM, *Cuyler's Counsel.* GEO. W. CUYLER, *Atty in pro. per.*

BEARDSLEY,, Justice.—The grounds on which the motion was made are fully met by the opposing affidavits, and disproved or explained so as to show that they are without any substantial foundation. The arrangement with Nichols was not performed on his part, and, therefore, has not canceled the judgment. As far as I see the judgment is in force for the amount directed to be made by the execution, and the motion must be denied with costs.

Rule accordingly.